UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VESTER MILLS #208720
        Plaintiff(s),                             CASE NO.: 2:07-CV-13285

vs.                                         DISTRICT JUDGE GERALD E. ROSEN
                                              MAGISTRATE JUDGE STEVEN D. PEPE

BLAINE LAFLER, et al.,
        Defendant(s).
_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DKT. # 25)

On January 17, 2008, Plaintiff filed an Application for Appointment of Counsel in his civil rights case. (Dkt. # 25). All pretrial matters were referred to the undersigned on August 31, 2007 (Dkt. # 11). For the reasons indicated below, Plaintiff's Application for Appointment of Counsel is **DENIED.**

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

Plaintiff's complaint names five Defendants alleging cruel and unusual punishment and intentional torts for their failure to protect Plaintiff from attack by another inmate (Dkt. # 20). On June 14 and 27, 2006, Plaintiff was assaulted by another inmate (Dkt. # 20, p. 11). Plaintiff claims that the Defendants failed to remove him from this dangerous situation.

The factual issues raised by Plaintiff concerning his treatment in prison are clear and straightforward. Plaintiff has demonstrated in his filings with the Court that he understands the legal issues and can present these issues to a Court in a satisfactory manner.[1] Plaintiff, in his complaint, shows a considerable degree of legal sophistication for a *pro per* plaintiff providing detailed argument for why counsel should be appointed (Dkt. # 25) in addition to filing his own motion for partial summary judgment (Dkt. # 24). Further, Plaintiff's filings have extensive references to the facts in question showing a clear understanding of the issues at hand.

Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment. Their services must be carefully rationed to the most appropriate cases.

Accordingly, Plaintiff's application for appointment of counsel is **DENIED**. Plaintiff may bring a further application for appointment of counsel after rulings on any dispositive motions at which time appointment of counsel may be reconsidered.

**SO ORDERED.**

---

[1] For example, Plaintiff's Response to Defendants Motion to Dismiss is 27 pages in length, has a detailed section listing controlling authority and includes 5 exhibits.

Date: January 23, 2008                                    s/Steven D. Pepe
Flint, Michigan                                           United States Magistrate Judge


CERTIFICATE OF SERVICE

I hereby certify that on,  I electronically filed the foregoing paper with the Clerk of the Court using the ECF. system which will send notification to the following: ,and I hereby certify that I have mailed by U.S. mail the paper to the following non-EC. participants:  not applicable

                                        s/ Alissa Greer
                                        Alissa Greer
                                        Courtroom Deputy Clerk
                                        United States District Court