UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VESTER MILLS #208720
        Plaintiff,                          CASE NO.: 2:07-CV-13285

vs.                                         DISTRICT JUDGE GERALD E. ROSEN
                                               MAGISTRATE JUDGE STEVEN D. PEPE

BLAINE LAFLER, et al.,
        Defendants.
_____/

**<u>Order Granting Defendant Field's Motion to Set Aside Clerk's Entry of Default (Dkt. # 41)</u>**

**A. <u>Procedural Background</u>:**

       On August 7, 2007, Plaintiff's suit was received from the Western District of Michigan (Dkt. # 1). Pursuant to 42 U.S.C. § 1983, Plaintiff filed his complaint in the Western District on June 25, 2007 (Dkt. # 8). On October 12, 2007, Defendants filed a motion to dismiss and in the alternative a motion for summary judgment (Dkt. # 14), and Plaintiff responded on December 13, 2007 (Dkt. # 20). Defendants' motion to dismiss raised alleged failure to exhaust administrative remedies as well as other asserted legal deficiencies in Plaintiff's claims including a claim of qualified immunity.

       On July 31, 2008, the undersigned issued a Report and Recommendation recommending that all defendants be dismissed from the action with the exception of Passion Fields (Dkt. # 33). The district court adopted this Court's Report and Recommendation on September 25, 2008 (Dkt. # 37).

       No further activity in the case until February 16, 2009, when Plaintiff filed an Amended Complaint (Dkt. # 39) and a request for clerk's entry of default against Passion Fields (Dkt. # 38). The default was entered against Passion Fields the next day (Dkt. # 40).

On February 18, 2009, Fields filed a Motion to Set Aside Clerk's Entry of Default (Dkt. # 41) and an Answer (Dkt. # 42).  All pretrial matters were referred to the undersigned on August 31, 2007  (Dkt. # 11).  For the reasons indicated below, **IT IS ORDERED** that Defendant Field's motion to set aside clerk's entry of default is **GRANTED**.

**B. Legal Standards for Setting Aside Default in a Prisoner Civil Rights Suit:**

The setting aside of a clerk's entry of default in a prisoner civil rights suit is governed by The Prison Litigation Reform Act and Fed. R. Civ. P. 55.

The Prison Litigation Reform Act (PLRA) provides that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 USC § 1997e(g)(1). "[D]efendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v Bock*, 549 U.S. 199, 213-14 (2007).

Federal Rule of Civil Procedure 55(c) governs relief from defaults and authorizes the court to set aside an entry of default for good cause. The principal factors to be considered in determining whether a defendant has met the good-cause standard of Rule 55(c) are (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the culpable conduct of the defendant led to the default.  *Shepard Claims Service v illiam Darrah & Assoc*, 796 F.2d 190, 192 (6th Cir. 1986); *accord Invst Financial Group v Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987). While such a determination necessarily rests within the discretion of the district court, in exercising its discretion, the court must be mindful that "[t]rials on the merits are favored in the federal courts and 'a "glaring abuse" of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.'"  *Berthelsen v Kane*, 907 F.2d 617, 620 (6th Cir. 1990) (citing *United Coin*

*Meter Co v Seaboard Coastline RR*, 705 F.2d 839, 846 (6th Cir. 1983)); *Shepard Claims Service*, 796 F.2d at 193.

In determining whether a defendant has a meritorious defense, the court "must resolve all ambiguous or disputed facts in the light most favorable to the defendant." *Berthelsen*, 907 F.2d at 621. If a defendant "states a defense good at law, then a meritorious defense has been advanced." *Berthelsen*, 907 F.2d at 622 (quoting *United Coin*, 705 F.2d at 845). As to culpable conduct, the court in *Shepard Claims Service* stated as follows:

> It is not necessary that conduct be excusable to qualify for relief under the "good cause" standard of Rule 55(c). We agree with the statement of the district court in *Broglie v Mackay-Smith,* 75 F.R.D. 739, 742 (W.D. Va., 1977):
>
>> When the issue is one of whether to set aside an entry of default so that the "good cause" standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as reasons for the delay in filing a responsive pleading be excusable.
>
> ***
>
> To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. . . . We agree with the summary of court holdings in 6 Moore's Federal Practice ¶ 55.10[2] at 55-61, 62 (1985 ed):
>
>> Where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined toward leniency. . . . Clearly, however, the court may refuse to set aside a default where the defaulting party has no meritorious defense, where the default is due to willfulness or bad faith, or where the defendant offers no excuse at all for the default. (Footnotes omitted).
>
> We do not believe it appropriate to attempt a precise definition of "culpable conduct." Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings.

796 F.2d at 194-95. Excusable neglect includes mistake, inadvertence, and situations where failure to comply with a filing deadline is attributable to negligence. *Pioneer Investment Services*

*Co v Brunswick*, 507 U.S. 380, 392 (1993).  A clerk's entry of default and default judgment under Rule 55 are appropriate only if a defendant "has failed to plead or otherwise defend."  Delay in responding alone is not a sufficient basis for entry of default judgment, particularly where any delay was not egregious and the plaintiff was not prejudiced by the delay in his ability to prosecute the action.  Prejudice is not established by "mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion."

**C. Analysis:**

Setting aside the clerk's entry of default as to Defendant Fields is appropriate under both the PLRA and Fed. R. Civ. P. 55.  This action is a prisoner lawsuit that falls under the PLRA.  Plaintiff may therefore not obtain a default judgment in this fashion.

Moreover, Plaintiff will not be prejudiced by setting aside the entry of default. The events complained of in this suit occurred in June 2006.  Plaintiff did not file this action until June 2007, 12 months later.  Moreover, Plaintiff has made no effort to proceed with the case since September 2008.  Plaintiff made no effort to serve discovery requests, or other motions, and did not contact Defendant Field's counsel.  Plaintiff has not identified any witnesses or evidence that have become unavailable.  Indeed, Plaintiff's only claim with respect to prejudice appears to be that the mere passage of time has hampered him, a claim that does not satisfy Rule 55's prejudice requirement.

In addition, Defendant Fields has a meritorious defense is proven.  As set forth in her affidavit, she was not aware of any danger to the plaintiff because the plaintiff did not inform her of any problems with his cellmate.  (Aff. of Passion Fields, Exhibit A to Dkt. #32).  In light of this defense, entering default against Defendant Fields would be particularly harsh.

Finally, Defendant Fields' conduct in failing to answer the Complaint is not culpable. Defendant Fields has not shown disrespect for the Court or intent to thwart judicial proceedings. Defendant Fields has been actively litigating this action, and has provided an explanation for its delay based on the volume of prisoner cases and the ordinary procedures in handling those lawsuits, which have since been changed.

Therefore, Defendant Field's motion to set aside clerk's entry of default is **GRANTED**. The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

**SO ORDERED.**

Date: June 15, 2009                                       s/Steven D. Pepe
Ann Arbor, Michigan                                      United States Magistrate Judge


Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 15, 2009 .

                                                         s/Jermaine Creary
                                                         Interim Case Manager