UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VESTER MILLS #208720,

    Plaintiff,                           CIVIL ACTION NO. 07-13285

    v.                                 DISTRICT JUDGE GERALD E. ROSEN

BLAINE LAFLER, PASSION FIELDS,    MAGISTRATE JUDGE MARK A. RANDON
LINDA ADAMS, JOELLE SLAVIN,
D.S. NASH, NATHAN LINDSEY,
PATRICIA CARUSO, JANE DOE,
and JOHN DOE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT FIELDS'
PARTIAL MOTION TO DISMISS (DKT. NO. 52)**

**I.    INTRODUCTION**

Plaintiff, Vester Mills, brought suit under 42 U.S.C. § 1983 alleging that prison staff failed to protect him from assault by another inmate during his incarceration at the Saint Louis Correctional Facility ("SLF"). Plaintiff also alleges that prison staff violated his right to due process and several laws of the State of Michigan. Before the Court is the partial motion to dismiss of Defendant Passion Fields ("Fields"). (Dkt. No. 52) Fields seeks dismissal of Plaintiff's state law claims on the grounds that there is no liability against individual defendants for violation of the Michigan Constitution or, alternatively, that she is immune from tort liability under Michigan law. The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. 636(b)(1)(B) and has been fully briefed. For the reasons

- 1 -

set forth below, it is RECOMMENDED that Fields' motion to dismiss Plaintiffs state law claims be GRANTED.

## II. RELEVANT FACTS

The facts of this case were set forth by the magistrate judge in the Report and Recommendation of July 31, 2008 (Dkt. No. 33) as follows:

> Plaintiff alleges that on June 14, 2006, prisoner Lindsey was transferred to SLF and placed in Plaintiff's cell number 137 (Dkt. # 1, ¶ 18). Prior to that time, Plaintiff had bunked with Gary Vanreyendam, for the entirety of Plaintiff's time at SLF. *Id*. at ¶16. Between June 14 and June 27, Defendant Lindsey repeatedly threatened and assaulted Plaintiff, insisting that he move out of their cell. *Id*. at ¶ 19. In grievance SLF-06-07-1281-03b, Plaintiff stated that he informed Defendants Adams and Fields of the assaults by prisoner Lindsey (Dkt. # 1, Ex. B). Specifically, he stated that on June 21, 2006, he spoke to ARUS Fields and informed her "of the threats and assault by Lindsey in detail" emphasizing "that these were serious problems and requested that I be moved immediately." *Id.* ARUS Fields allegedly told Plaintiff "that she would be off of work for the next 4 days and that she could not do anything until she returned on June 26, 2006." *Id*. ARUS Fields did not make any report or investigation into Plaintiff's complaints. *Id*. at ¶ 24. At no time did Plaintiff sign a "protection request/waiver." *Id*. at ¶ 26.
>
> Plaintiff alleged that on June 22, "Lindsey confronted and threatened plaintiff." *Id.* at ¶ 27. Subsequently, Plaintiff spoke to Defendant RUO Nash who referred him to ARUS Adams. *Id*. at ¶¶ 28-30. Plaintiff then went to ARUS Adams' office and reported the incident expressing his fear of being seriously assaulted. Adams allegedly responded that she was not Plaintiff's ARUS and that he should go work things out with Defendant Lindsey. *Id*. at ¶ 42. Plaintiff informed ARUS Adams about an open bunk in the smoking section, and even though he was a non-smoker he expressed a willingness to bunk there in order to get away from Defendant ARUS Adams did not move Plaintiff telling him that he would have to wait and see ARUS Fields when she returned. *Id.*

> On June 26, Plaintiff twice approached ARUS Fields to report
> Defendant Lindsey's threats and his assault since seeing her on
> June 21; he pleaded to be moved to another cell. *Id*. at ¶¶ 43, 44.
> ARUS Fields responded that there were no open beds and Plaintiff
> would have to wait. *Id*. at ¶ 45.
>
> On June 27, 2006, Defendant Lindsey attacked Plaintiff with a
> combination lock seriously injuring him. As a result, Plaintiff was
> taken to two hospitals, hospitalized for 4 days, suffered bleeding on
> his brain, and was re-hospitalized after having a seizure due to his
> head trauma. *Id.* at ¶¶ 49, 50.

On August 7, 2007, Plaintiff filed a complaint against six prison staff members, including Fields. (Dkt. No. 1). The Complaint contained seven counts or "claims of action." Of these, it appears that only Count Four averred state law violations against Fields, to wit: that she "violated state law and the regulations of the Michigan Department of Corrections" by acting with "deliberate indifference" in refusing to take action to "prevent and/or protect" Plaintiff from a serious assault by Defendant Lindsey, and that she acted with "reckless indifference" to Plaintiff's safety by refusing to investigate the reported assaults and threats made by Defendant Lindsey.[1] (Dkt No. 1, ¶¶ 88-89) Count Four of Plaintiff's complaint mirrors his Eighth Amendment claim (Count 1) that Fields was "deliberately indifferent" to his medical needs and acted with "reckless indifference" to his safety. *Id.* at ¶¶ 80-81.

---

[1] Counts 5, 6 and 7 also allege violations of state law, but do not appear directed at Fields. In Count 5, Plaintiff alleges that *Defendants* "violated state law and the regulations of the Michigan Department of Corrections" by "knowingly and intentionally" issuing a fraudulent major misconduct against Plaintiff for fighting and issuing other fraudulent reports. However, these claims are specifically made against Defendant Slavin and Defendant Lafler (since dismissed from the case). (Dkt. No. 1, ¶¶ 62-67) Count 6 claims that Defendants violated Michigan conversion law with respect to the unlawful confiscation and/or destruction of Plaintiff's personal property by as yet *unidentified* SLF correctional officers. *Id.* at ¶72. And, Count 7 is directed at Defendant Lindsey.

On September 25, 2008, the district judge adopted the report of the magistrate judge (Dkt. No. 37), which recommended, in part, that Defendant Fields' motion to dismiss or for summary judgment regarding Plaintiff's Eighth Amendment claims be denied, and that supplemental jurisdiction be retained over the state tort claims against Fields and Defendant Lindsey. (Dkt. No. 33) Fields now moves for dismissal of Plaintiff's state law claims.

## III.  DISCUSSION

### A.  *Standard of Review*

In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6),"a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

### B. *Fields is Entitled to Governmental Immunity under Michigan Law*

Plaintiff's *pro se* complaint[2] did not cite any statutory authority for the state law claims. However, since Plaintiff's state law claims parallel his federal constitutional claims, Fields assumed Plaintiff's claims were based on a violation of the Michigan Constitution and properly argued that such liability against individual defendants does not exist, citing *Jones v. Powell*, 462 Mich. 329, 335 -36 (2000). In response, Plaintiff argued that Fields accurately stated the law, but that Plaintiff's action is not based on an alleged violation of the Michigan Constitution but rather on violation of Michigan tort law.[3] (Dkt. No. 54, p. 5) Fields replied that, under Michigan law, Field would nevertheless be immune from any tort liability. The undersigned agrees with Fields.

MCL 691.1407(2) provides individual immunity for governmental employees under certain circumstances. The statute states, in part:

> Except as otherwise provided in this section, ... each officer and employee of a governmental agency ... is immune from tort liability for an injury to a person ... caused by the officer, employee ... while acting on behalf of a governmental agency if all of the following are met:
>
> (a) The officer, employee ... is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.

---

[2] Plaintiff is now represented by counsel.

[3] Since Plaintiff has conceded this point, no further discussion of the issue need be undertaken. To the extent that Plaintiff's state law claims are based on a violation of the Michigan Constitution, they must be dismissed.

> (c) The officer's, employee's ... conduct does not amount to gross negligence that is the proximate cause of the injury or damage.
> [MCL 691.1407(2) (emphasis added).]

In *Robinson v. Detroit*, 462 Mich. 439, 459, 613 N.W.2d 307 (2000), the Michigan Supreme Court explained that "the proximate cause" within subdivision (c) "is best understood as meaning the one most immediate, efficient, and direct cause preceding an injury." *See e.g., Cooper v. Washtenaw County*, 270 Mich.App. 506, 715 N.W.2d 908 (2006)("the one most immediate, efficient, and direct cause of [the suicide victim's death] was his own conduct [not that of law enforcement personnel involved in his confinement].")

Here, Plaintiff's complaint allegations place Fields' conduct well within the scope of her authority, and the operation of a state prison is clearly a governmental function. Furthermore, assuming Plaintiff's complaint allegations are true, *the* proximate cause of his injury was not the conduct of Fields, but the actions of Defendant Lindsey who committed the assault. Therefore, the state law claims against Fields, being subject to governmental immunity, fail to state a claim upon which relief can be granted and should be dismissed.

## IV. CONCLUSION

For the reasons discussed above, the undersigned recommends that Fields' motion to dismiss (Dkt. No. 52) be GRANTED and Plaintiff's state law claims against Defendant Fields be DISMISSED WITHOUT PREJUDICE.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: May 18, 2010

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, May 18, 2010, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*