UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VESTER MILLS #208720,

    Plaintiff,                                    CIVIL ACTION NO. 07-13285

    v.                                         DISTRICT JUDGE GERALD E. ROSEN

BLAINE LAFLER, PASSION FIELDS,    MAGISTRATE JUDGE MARK A. RANDON
LINDA ADAMS, JOELLE SLAVIN,
D.S. NASH, NATHAN LINDSEY,
PATRICIA CARUSO, JANE DOE,
and JOHN DOE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION (DKT. NO 74) AND TO DENY
DEFENDANT'S MOTION TO STRIKE (DKT. NO. 75) AS MOOT**

**I. Background**

    This lawsuit involves Plaintiff's allegation that prison officials at the Saint Louis Correctional Facility ("SLF") did nothing to stop a brutal attack upon him by another prisoner. There are only two defendants remaining in the case: Lindsey, the prisoner who allegedly carried out the assault and Fields, an Assistant Resident Unit Supervisor ("ARUS") at SLF.

    This matter comes before the Court on Plaintiff's *pro se* motion for a preliminary injunction, filed on December 22, 2010 (Dkt. No. 74).[1] In his motion, Plaintiff complains that his single cell accommodation was cancelled and, therefore, he is or will be forced to live in a cell with another

---

[1] At the time Plaintiff filed the instant motion, Plaintiff was represented by Attorney Michelle Aaron. Plaintiff claims he terminated Ms. Aaron's services on or about December 13, 2010 (Dkt. No. 74, p. 2, ¶6). However, Attorney Aaron's motion to withdraw was not granted until February 9, 2011.

prisoner. Plaintiff contends that the removal of his single cell accommodation was orchestrated by "Defendant Fields, by and through her attorney, Clifton Schneider, as well as non-medical Administrative Staff Members . . . to retaliate against Plaintiff and/or to take advantage of Plaintiff's current situation, i.e., without legal counsel" (Dkt. No. 74, p. 5, ¶ 15). Consequently, Plaintiff requests that this Court: (1) grant an evidentiary hearing; (2) order defendants and/or the Michigan Department of Corrections ("MDOC") to reinstate his Special Accommodation for a single cell; (3) order defendants or the MDOC to provide Plaintiff a psychological examination; (4) appoint a Special Master; (5) enjoin Plaintiff from further retaliatory conduct; and (6) grant Plaintiff an award of fees and costs (Dkt. No. 74, p. 7). Defendant Fields has filed a motion to strike Plaintiff's motion on the ground that Plaintiff was represented by counsel at the time but moved for injunctive relief *pro se* (Dkt. No. 75). For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion for injunctive relief be **DENIED** and Defendant Fields' motion to strike be **DENIED** as moot.

## II. Analysis

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). In deciding whether to grant or deny a preliminary injunction, the Court must balance four factors: (1) whether the plaintiff has shown a strong or substantial likelihood of success on the merits; (2) whether the plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000). The four factors are

not prerequisites to be met, but must be balanced to determine whether preliminary injunctive relief is appropriate. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1992).

Plaintiff has not shown a strong likelihood of success on the merits. Plaintiff's belief that he was not represented by counsel when his accommodation for a single cell was taken away is simply not true. Withdrawal of counsel can only be accomplished by leave of the Court. E.D. Mich. LR 83.30. Therefore, Plaintiff's termination of his lawyer's services did not officially end the attorney-client relationship and he was represented by counsel until February 9, 2011 – when an order permitting the withdrawal of Attorney Aaron was entered (Dkt. No. 89).

Plaintiff has also failed to show an irreparable injury. While Plaintiff may be assigned a cell mate, this does not necessarily mean that the cell mate will be violent or that Plaintiff will suffer psychological harm as a result of being assigned a cell mate. Plaintiff has failed to demonstrate that either of these potentialities have or are likely to occur.

As to the fourth factor, prison officials enjoy wide discretion in the operation of state penal institutions. *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974). The public interest does not favor interfering with a prison's determination of how best to house its inmates. Accordingly, **IT IS RECOMMENDED** that Plaintiff's motion for a preliminary injunction be **DENIED** and Defendant Weeks' motion to strike be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: February 10, 2011

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 10, 2011.

S/Melody R. Miles
*Case Manager to Magistrate Judge Mark A. Randon*

Copy mailed to:
Vester Mills, #208720
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048