UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VESTER MILLS #208720,

                    Plaintiff,             CIVIL ACTION NO. 07-13285

       v.                            DISTRICT JUDGE GERALD E. ROSEN

BLAINE LAFLER, PASSION FIELDS,     MAGISTRATE JUDGE MARK A. RANDON
LINDA ADAMS, JOELLE SLAVIN,
D.S. NASH, and NATHAN LINDSEY,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS
## DEFENDANT LINDSEY FOR LACK OF SERVICE

In 2007, Plaintiff, Vester Mills, brought suit under 42 U.S.C. § 1983 alleging that prison

staff failed to protect him from assault by another inmate, Nathan Lindsey, while he was

incarcerated at the Saint Louis Correctional Facility ("SLF").

Plaintiff has been represented by counsel since August of 2008 (Dkt. No. 34), however, to

date, no efforts have been made to serve Lindsey.  On March 18, 2011, Plaintiff was ordered to

show cause in writing by April 15, 2011 why his claims against Lindsey should not be dismissed

for failure to prosecute (Dkt. No. 97).  Plaintiff has not responded to the order to show cause;

therefore, **IT IS RECOMMENDED** that Plaintiff's claims against Lindsey be **DISMISSED**

**WITHOUT PREJUDICE**.

-1-

## I.  DISCUSSION

Defendant Lindsey should be dismissed without prejudice. "An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Reed-Bey v. Pramstaller*, No. 06-10934, 2007 WL 2421422, *2 (E.D. Mich. Aug.23, 2007), citing *Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D. Mass. 1994). Under Fed.R.Civ.P. 4(m), a defendant must be served within 120 days of filing the complaint.  Lindsey has not been served and this case has been pending for more than four (4) years; thus, it is recommended that Plaintiff's claims against him be dismissed without prejudice.  *Mackall v. Doe*, No. 05-60083-AA, 2005 WL 1843449, *1 (E.D. Mich. July 29, 2005), citing *Awdish v. Pappas*, 159 F.Supp.2d 672, 673, n. 1 (E.D. Mich. 2001), and *Johnson v. City of Ecorse*, 137 F.Supp.2d 886, 892 (E.D. Mich. 2001). This Report and Recommendation will serve as notice to Plaintiff under Rule 4(m).

## II.  CONCLUSION

For the reasons indicated above, **IT IS RECOMMENDED** that Plaintiff's claims against Lindsey be **DISMISSED WITHOUT PREJUDICE** for lack of service.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

-2-

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: February 3, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on February 3, 2012, electronically or by first class mail.*

s/Barbara M. Radke
Judicial Assistant to Magistrate Judge Mark Randon